IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. KONKEL | ) | CASE NO. 5:09CV2622 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| KEITH SMITH, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. No. 5 |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed by Christopher A. Konkel ("Konkel") pursuant to 28 U.S.C. § 2254 on November 6, 2009. Konkel is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State vs. Konkel*, Case No. CR 05 01 0219 (Summit County 2006). For the reasons given below, the petition should be dismissed as untimely.

I

The January 2005 term of the Summit County grand jury indicted Konkel on two counts of rape, two counts of gross sexual imposition, and one count of disseminating

harmful matter to juveniles. The state appellate court reviewing Konkel's conviction and sentence found the following relevant facts:

> {¶ 2} On January 15, 2005, the Springfield Township Police Department received a report of a sexual assault on a minor. Detective Joseph Holsopple learned that the victim, an eight year old female named S.W., had been sexually assaulted by her brother-in-law, Konkel. Based on the information he received, Holsopple had Konkel brought to the local police station shortly before midnight. In the early morning hours of January 16, 2005, Holsopple interrogated Konkel for roughly thirty-five minutes. During that time period, Konkel confessed orally and in writing. In his confessions, Konkel admitted that he had digitally penetrated S.W., licked her breasts, shown her a picture which contained naked women, and watched a pornographic DVD with her.
>
> {¶ 3} Based on Konkel's confessions and the statement given by S.W. which indicated that Konkel had performed oral sex on her, Konkel was indicted on the following charges: two counts of rape in violation of R.C. 2907.02(A)(1); two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)1). Following his indictment, Konkel moved to suppress his confession, asserting that it was coerced. The trial court denied the motion and the matter proceeded to a jury trial.
>
> {¶ 4} At trial, the State presented evidence including the testimony of Detective Holsopple, S.W, BCI analysts, and the professionals who examined S.W. following the assault. In his defense, Konkel testified and offered the testimony of his wife and his mother. At the close of the case, the jury found Konkel guilty of each of the counts in the indictment. Konkel was then sentenced to an aggregate term of life in prison plus two years.

*State v. Konkel*, 2007 WL 4124342 (Ohio App. Nov. 21, 2007).

Konkel timely filed a notice of appeal in the state appellate court. Konkel asserted six assignments of error on appeal:

> First Assignment of Error
> Mr. Konkel was denied his constitutional right to a fair trial when the trial court allowed Cathy Beckwith Laube, Richard Steiner and Megan Rogers to testify and be treated as experts. None was properly qualified by the court and found to be experts as required by Evid. R. 702.
>
> Second Assignment of Error
> Mr. Konkel was denied his constitutional right to a fair trial when the trial court

2

> allowed Ms. Rogers to testify SW [w]as sexually abused constituting prejudicial error. There was no foundational basis for Ms. Rogers [sic] opinion in violation of Evid. R. 702(C).
>
> Third Assignment of Error
> Mr. Konkel was denied his constitutional right to a fair trial when the trial court allowed Ms. Laube, Dr. Steiner and Ms. Rogers to testify S['s] statements.
>
> Fourth Assignment of Error
> Mr. Konkel was denied his constitutional right to a fair trial and due process when the state was permitted to introduce improper evidence to impeach and undermined [sic] the credibility and character of Katie Konkel.
>
> Fifth Assignment of Error
> Mr. Konkel was denied his constitutional rights to due process and a fair trial when the prosecutor engaged in misconduct throughout the trial.
>
> Sixth Assignment of Error
> Mr. Konkel was denied his constitutional guarantee of effective assistance of counsel.

On November 21, 2007, the state appellate court overruled Konkel's assignments of error and affirmed the judgment of the trial court.

On February 19, 2008 Konkel filed in the Ohio Supreme Court a motion for delayed appeal. The Ohio Supreme Court granted Kinkel's motion on April 9, 2008. In his memorandum in support of jurisdiction Konkel raised four propositions of law:

> PROPOSITION OF LAW NO. 1
>
> Chris was denied his constitutional rights to due process and a fair trial when the trial court abdicated its gatekeeper responsibilities to the jury, leaving the jury to decide whether Rogers qualified as an expert under Evid. R. 702 and allowing Rogers to testify to the sexual abuse of the alleged victim based on an unreliable therapeutic method.
>
> PROPOSITION OF LAW NO. 2
>
> Chris was denied his constitutional rights to due process and a fair trial when the trial court allowed Laube, Steiner and Rogers to vouch for the veracity of the alleged victim's statements.

### PROPOSITION OF LAW NO. 3

Chris was denied his Sixth Amendment guarantee to effective assistance of counsel when counsel failed to object to the trial court's abrogation of its responsibilities, the unreliable use of sand tray therapy by an expert witness, and the State's experts testifying to the veracity of S['s] statements.

### PROPOSITION OF LAW NO. 4

The indictment on Count One through Four fails to charge the *mens rea* element of the crimes alleged in those counts. This failure is a structural error depriving Chris of rights guaranteed in both the Ohio and United States Constitutions.

On August 6, 2008 the Ohio Supreme Court denied Konkel leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On October 20, 2008, Konkel filed in the state appellate court a motion to reopen his direct appeal pursuant to Ohio App. R. 26(B) ("R. 26(B)"), alleging ineffective assistance of appellate counsel. On November 12, 2008, the state appellate denied Konkel's application as untimely and as failing to give good cause for its untimeliness. Konkel did not appeal this decision.

Konkel filed a petition for a federal writ of habeas corpus in this court on November 6, 2009. Konkel asserts four grounds for relief, denominated as "propositions of law":

> Ground one: Mr. Konkel was denied due process and a fair trial when inherently unreliable evidence was permitted in the form of a witness providing expert testimony but the witness did not qualify as an expert.
>
> Ground two: Mr. Konkel was denied due process and a fair trial when the trial court failed to properly qualify a witness as an expert.
>
> Ground three: Mr. Konkel was denied due process and a fair trial when the trial court allowed three State witnesses to testify to the veracity of the alleged victim's statements.
>
> Ground four: Mr. Konkel was denied his Sixth Amendment right to effective

assistance of counsel.

Respondent filed a motion to dismiss on January 15, 2010 (Docket #5). Konkel, who is represented by counsel, does not oppose respondent's motion.

II

*A. Jurisdiction*

The Court of Common Pleas of Summit County, Ohio sentenced Konkel. Konkel filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Summit County is within this court's geographic jurisdiction. This court has geographic jurisdiction over Konkel's petition.

*B. Statute of Limitations*

Respondent argues that Konkel's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The state appellate court denied Konkel's direct appeal on November 21, 2007. Konkel had 45 days, until January 5, 2008, to file a timely appeal to the Ohio Supreme Court. Konkel did not file a motion for a delayed appeal until February 19, 2008. Thus, the statutory period ran for 43 days, from January 6, 2008 through February 18, 2008. However, the Ohio Supreme Court accepted Konkel's motion for a delayed appeal, and that reset the statutory period within which Konkel could file a federal habeas petition. *Jimenez v. Quarterman*, ___ U.S. ___, ___, 129 S. Ct. 681, 686-87 (2009).

The Ohio Supreme Court denied Konkel's appeal on August 6, 2008. As Konkel did not file a petition for a writ of certiorari to the United States Supreme Court, the statutory period began to run for a second time on August 7, 2008. *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079 (2007) (holding that the statute of limitations at 28 U.S.C. § 2244(d)(1) is not tolled during the period within which a petitioner may apply for a writ of certiorari to the United States Supreme Court). The period within which Konkel could have filed a timely petition for a federal writ of habeas corpus expired as of August 7, 2009. Konkel did not file his petition until November 6, 2009, more than one year after the date on which his judgment became final upon the conclusion of direct review. Thus, Konkel's petition is untimely pursuant to § 2244(d)(1).

6

Nor did Konkel's application to reopen his direct appeal toll the running of the statutory period. The state appellate court found that Konkel's application was untimely and failed to provide good reason for its untimeliness. An untimely petition is not "properly filed" within the meaning of § 2244(d)(1) and does not, therefore, toll the running of the statutory period. *Pace v. DiGuglielmo,* 544 U.S. 408 (2005); *Artuz v. Bennett*, 531 U.S. 4, 9-10 (2000).

Finally, Konkel had not pleaded circumstances which might warrant the rare remedy of equitable tolling. In the absence of such pleading, equitable tolling is not warranted.

III

For the reasons given above the magistrate judge recommends that the court grant respondent's motion and dismiss Konkel's petition for a writ of habeas corpus.

Date: March 8, 2010                     /s/ *Nancy A. Vecchiarelli*
                                        United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**