UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. KONKEL, | ) | CASE NO. 5:09CV2622 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| KEITH SMITH, Warden | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Christopher A. Konkel's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, grants Respondent's Motion to Dismiss, and dismisses Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's

1

Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.  Petitioner was indicted by the Summit County, Ohio Grand Jury on two counts of Rape, two counts of Gross Sexual Imposition, and one count of Disseminating Harmful Matter to Juveniles.  The matter proceeded to a trial by jury.

On December 1, 2006, the jury returned verdicts finding Petitioner guilty of all charges.  On January 9, 2007, the trial court sentenced Petitioner to concurrent terms of life imprisonment with parole eligibility after ten years for each charge of Rape, concurrent terms of one year for each charge of Gross Sexual Imposition and one year for Disseminating Matter Harmful to Juveniles, to be served consecutively to each other, for a total sentence of life imprisonment plus two years. Petitioner timely filed a Notice of Appeal in the Ninth District Court of Appeals on February 7, 2007.  On November 21, 2007, the Court of Appeals overruled Petitioner's appeal and affirmed the judgment of the trial court.  On February 19, 2008, Petitioner filed in the Ohio Supreme Court a Motion for Delayed Appeal.  The Ohio Supreme Court granted Petitioner's Motion on April 9, 2008. On August 6, 2008, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On October 20, 2008, Petitioner filed a Motion to Reopen his direct appeal in the Ninth District Court of Appeals.  On November 12, 2008, the Court of Appeals denied Petitioner's application as untimely and as failing to give good cause for its untimeliness.  Petitioner did not appeal this decision. Petitioner  filed the instant Petition for a federal writ of habeas corpus in this court on November 6, 2009, asserting the following four grounds for relief:

**Ground One**: Denial of due process and a fair trial when unreliable evidence was

permitted from a witness providing expert testimony and the witness did not qualify as an expert.

Supporting Facts: A witness who testified about sand tray therapy was not qualified as an expert.

**Ground Two**: Denial of due process and a fair trial when the court failed to properly qualify a witness as an expert.

Supporting Facts: None of the witnesses who testified to a diagnosis that the child-victim was abused were qualified as experts.

**Ground Three**: Denial of due process and a fair trial when the court allowed the state's witnesses to testify to the veracity of the victim.

Supporting Facts: The witnesses all based their opinion the alleged victim had been abused solely on their determination of her veracity.

**Ground Four**: Denial of effective assistance of counsel.

Trial counsel failed to object to the following: 1) the introduction of highly irrelevant and prejudicial sand tray therapy; 2) the trial court's abdicating its responsibility as gatekeeper to the jury; 3) the improper expert testimony presented from witnesses not properly qualified as experts; 4) several witnesses testifying to the veracity of the alleged victim's statements and 5) the various instances of prosecutorial misconduct such as improper statements vouching in opening and closing statements.

On November 13, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. Respondent filed a Motion to Dismiss on January 15, 2010. Petitioner did not file an objection to Respondent's Motion to Dismiss. The Magistrate Judge issued her Report and Recommendation on March 8, 2010. Petitioner filed his Objections to the Report and Recommendation on March 23, 2010.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C.

§ 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

> limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

The Magistrate Judge points out that the Ohio Supreme Court denied Petitioner's Appeal on August 6, 2008. As Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court, the statutory period began to run for a second time on August 7, 2008. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007) (holding that the statute of limitations at 28 U.S.C. § 2244(d)(1) is not tolled during the period within which a petitioner may apply for a writ of certiorari to the United States Supreme Court).

In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends that the one-year statute of limitations only begins to run once the ninety day period to file for a writ of certiorari runs out. However, "In contrast to the hypothetical problems identified by Lawrence, allowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic... This tolling rule would provide an incentive for prisoners to file certiorari petitions-regardless of the merit of the claims asserted-so that they receive additional time to file their habeas applications. *Lawrence*, 549 U.S. at 336.

5

The Court agrees with the Magistrate Judge that the period within which Petitioner could have filed a timely petition for a federal writ of habeas corpus expired as of August 7, 2009.  Petitioner did not file his petition until November 6, 2009, more than one year after the date on which his judgment became final upon the conclusion of direct review. The Magistrate Judge correctly determined that Petitioner had not pleaded circumstances which might warrant the rare remedy of equitable tolling. In the absence of such pleading, equitable tolling is not warranted.  Therefore, Petitioner's Petition is untimely pursuant to § 2244(d)(1).

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and grants Respondent's Motion to Dismiss.  Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:3/31/2010

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge